## KETAL OIL CO. et al. v. SHELL OIL CO., Inc.

### No. 9355.

Court of Civil Appeals of Texas. Austin.

March 10, 1943.

Rehearing Denied March 31, 1943.

H. P. Smead, of Longview, for appellants.

R. H. Whilden, of Houston, and Dan Moody and J. B. Robertson, both of Austin, for appellee.

BLAIR, Justice.

Rule 37 case. The Commission granted appellant Ketal Oil Company's application to drill well No. 2 on a 1.87-acre tract of land in the Carruthers Survey, Gregg County, Texas, to prevent confiscation of property. Appellee, Shell Oil Company, Inc., an adjoining lease owner, appealed from the permit order on the ground that it was not necessary to prevent confiscation of property; and on the de novo trial to the court without a jury the permit order was cancelled and production of oil from the well was enjoined.

Appellants contend that the trial court's judgment is erroneous, and present two points for determination, as follows:

1. "Because the Commission's findings that the well is necessary to prevent confiscation of property is supported by substantial evidence."

2. "Because appellee failed to prove that the drilling of the well and the production of oil and gas from it would not prevent confiscation of the property of these appellants."

Neither contention of appellants is sustained.

The undisputed evidence showed that a 5.87-acre tract was segregated from a 43-acre tract in 1931, by agreement, which was at a time when the 150–300-foot (two-acre) rule was in effect, and one well was drilled thereon in 1931; that after Rule 37 was amended to provide for 330–660-foot spacing a second well was granted on the 5.87-acre tract in 1932; that after Rule 37 had been so amended the owners of the 5.87-acre tract conveyed parts of it to four different operators, one being the 1.87-acre tract involved to appellant Ketal Oil Company, which applied for and obtained the permit to drill well No. 2 thereon.

The application applied for the permit on the basis of the 1.87-acre tract considered alone and not as a part of the 5.87-acre tract from which it had been voluntarily subdivided; and appellants contend that appellee offered no proof that the 1.87-acre tract, considered as a part of the 43-acre tract, of which it was formerly a part, was not entitled to the well to prevent confiscation of property. The other owners of parts of the 5.87-acre tract were given no notice of the application or hearing for the permit involved. This contention is not tenable for the reason that it requires the recognition of the voluntary segregation of the 1.87-acre tract from the 5.87-acre tract in violation of the spacing rule. The 5.87-acre tract having been segregated from the 43-acre tract while the 150–300-foot rule (approximately one well to two acres) was in effect, and having been thereafter developed as a separate tract from the 43-acre tract, it must be considered as legally segregated and capable of consideration as a separate tract. Humble Oil & Refining Co. v. Railroad Commission, Tex.Civ.App., 94 S.W.2d 1197, writ refused. In any event, the segregation of the 5.87-acre tract from the 43-acre tract in 1931 cannot be determined here because of want of proper parties. No such issue was before the Commission in the instant case. And the undisputed evidence shows that if the 1.87-acre tract is considered as a part of the 5.87-acre tract, the latter, in the light of all density comparisons and other conditions in the area, was not suffering any net loss of oil at the time the permit in question was granted; that with two wells on it, it will recover 85% of the oil thereunder; and that net drainage of oil at the time the permit was granted was to rather than away from the 5.87-acre tract.

The judgment of the trial court is affirmed.

Affirmed.